PER CURIAM.
We reverse the Judgment of Conviction finding David Ziskind contumaciously in violation of a trial court order and sentencing him to serve 179 days in the Dade County Jail. The record reflects that the trial court faded to comply with Florida Rule of Criminal Procedure 3.840, Indirect Criminal Contempt, in numerous respects. However, as we also find the order alleged to have been violated to be an abuse of the trial court’s discretion (purporting to preclude Ziskind from discussing with the three children a family matter regarding the paternity of one of the children), we remand the cause to the trial court with instructions to set aside the conviction and sentence and to dismiss, with prejudice, the charge of indirect criminal contempt.[1]
Reversed and remanded with instructions.

. Had we upheld the conviction we would have set aside the sentence for this technical violation as being excessive. It seems to us that a simple reprimand would have been sufficient.